# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

―――――――――――――

№ 14-CV-1167 (JFB) (ARL)

―――――――――――――

RICHARD NICHOLSON,

Plaintiff,

VERSUS

ALLIED INTERSTATE, LLC, AND IQOR, INC.,

Defendants.

―――――――――――――

**MEMORANDUM AND ORDER**
March 10, 2015

―――――――――――――

JOSEPH F. BIANCO, District Judge:

Plaintiff Richard Nicholson ("plaintiff") brings this action against Allied Interstate, LLC ("Allied") and iQor, Inc. ("iQor") (collectively, "defendants"), asserting claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Plaintiff asserts claims individually and as a representative of a putative class action. Plaintiff has not yet filed a motion for class certification.

Before the Court is defendants' motion to dismiss the complaint. Defendants move to dismiss the complaint for lack of subject matter jurisdiction, arguing that plaintiff's claims are moot. In the alternative, defendants seek the dismissal of all claims against defendant iQor, pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds that iQor cannot be held liable for Allied's conduct. For the reasons set forth below, the motion to dismiss is denied in its entirety.

## I. BACKGROUND

Plaintiff filed the complaint in this action on February 24, 2014, asserting claims under the FDCPA. Plaintiff alleges that Allied sent him a letter, dated December 20, 2013, purporting to collect a student loan debt owed to United Guaranty Residential Insurance Company. (Compl. ¶¶ 12-15.) Plaintiff asserts that he has never owed a debt to that company, and that therefore the collection letter violated the FDCPA's requirements for collection letters. *See* 15 U.S.C. § 1692g(a). Plaintiff further alleges that he mailed a letter of dispute to the address listed on the collection letter, and that the letter was returned to him marked "not deliverable as addressed/unable to forward." (*Id.* ¶¶ 20-22.) Plaintiff avers that the address on the collection letter was, in fact, the address of a call center owned by iQor, Inc. (*Id.* ¶¶ 23-25.) Plaintiff asserts that Allied routinely uses iQor's mailing address, in order to frustrate

consumer complaints. Plaintiff asserts that this practice violates Section 1692e of the FDCPA, which prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt."

On March 18, 2014, defendants served plaintiff with an offer of judgment, pursuant to Fed. R. Civ. P. 68. The Rule 68 offer permitted plaintiff to take judgment against the defendants according to the following terms:

> (1) Defendants will allow judgment to be entered against them in the amount of Two Thousand Five Hundred and One Dollars ($2,501.00) plus reasonable costs and attorneys' fees as recoverable by law and allowed by the Court.

> (2) The judgment entered in accordance with this Offer shall completely resolve any and all individual claims by Plaintiff against Defendants and any of their agents, principals, or employees.

> (3) This Offer is conditioned upon its acceptance by Plaintiff, in writing, within fourteen days of the service of this Offer of Judgment on Plaintiff.

> (4) This Offer is made solely for the purposes of Fed. R. Civ. P. 68 and shall not be construed as an admission that Defendants are liable in this action.

(Defendants' Exhibit A, ECF No. 13-1.) Plaintiff did not accept the offer, and the offer expired.

On May 30, 2014, defendants filed a motion to dismiss the complaint. Plaintiff filed a memorandum in opposition to the motion on June 30, 2014, and defendants filed a reply memorandum on July 17, 2014. The Court heard oral argument on September 10, 2014. This matter is fully submitted, and the Court has fully considered the parties' submissions.

## II. STANDARDS OF REVIEW

Relevant here are Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), which respectively govern motions to dismiss for lack of subject matter jurisdiction, and motions to dismiss for failure to state a claim. The following standards of review are applicable to motions brought under these provisions.

### A. Subject Matter Jurisdiction

To defeat a motion to dismiss brought under Rule 12(b)(1), "[t]he plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). In resolving this issue, the court "must accept as true all material factual allegations in the complaint, but [it is] not to draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004). Additionally, the court "may refer to evidence outside the pleadings" to resolve the jurisdictional issue. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)).

### B. Motion to Dismiss

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint

must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth two principles for a district court to follow in deciding a motion to dismiss. 556 U.S. 662 (2009). First, district courts must "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

### Discussion

### A. Subject Matter Jurisdiction

Defendants assert that this action must be dismissed for lack of subject matter jurisdiction, because plaintiff's claims are now moot. The mootness doctrine stems from Article III of the Constitution, which grants the Judicial Branch authority over "Cases" and "Controversies." *See Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 727 (2013). As the Supreme Court has made clear, an "actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." *Id.* (quotation omitted). Accordingly, if the underlying dispute in a lawsuit is no longer 'live,' the case becomes

moot, and the court will no longer have the authority to adjudicate the case. *Id.*

Here, defendants argue that plaintiff's claims are moot because defendants extended an offer under Rule 68 that exceeded the amount plaintiff could possibly recover in this action. Under the Fair Debt Collection Practices Act, recovery is limited to: (1) "any actual damage sustained"; (2) statutory damages, which are capped at $1,000; (3) the costs of the action; and (4) a reasonable attorney's fee. *See* 15 U.S.C. § 1692k(a). In this case, because plaintiff did not assert a claim for actual damages, plaintiff's recovery is limited to the statutory cap of $1,000, plus attorney's fees and costs. Plaintiff concedes that the Rule 68 offer, which permitted for judgment to be taken against defendants in the amount of $2,501, plus reasonable costs and attorney's fees as allowed by the Court, exceeded the amount of relief available to plaintiff under the FDCPA. (Pl. Mem. at 6 ("Here, Defendant's [sic] Rule 68 Offer represents the most that the Plaintiff can statutorily expect to receive from litigation. Indeed, under 15 U.S.C. § 1692k(a)(2)(A), even if there is a certified class, the most a named plaintiff can receive under the FDCPA is $1000 plus fees and costs.).)

In support of their mootness argument, defendants principally rely upon *Franco v. Allied Interstate, LLC*, No. 13 Civ. 4053 (KBF), 2014 U.S. Dist. LEXIS 47077, at *6 (S.D.N.Y. Apr. 2, 2014), and other district court cases dismissing cases where plaintiffs refused Rule 68 offers that fully satisfied their claims for relief. (Def. Mem. at 5-7.) Defendants are correct that district courts have dismissed cases under Rule 12(b)(1) under the circumstances presented here. Nevertheless, this Court finds these cases unpersuasive, for the following reasons.

Although the Second Circuit has, in several cases, discussed the interplay

between mootness and Rule 68, it has never held that a rejected Rule 68 offer renders a case moot if the Court does not enter a judgment in the plaintiff's favor or otherwise enforce compliance with the offer. On the contrary, binding Second Circuit precedent indicates that a judgment for the defendants is not permitted here. In *McCauley v. Trans Union, L.L.C.*, 402 F.3d 340, 342 (2d Cir. 2005), the district court had dismissed the plaintiff's claims under Rule 12(b)(1), because the plaintiff had rejected a Rule 68 offer of judgment for the full amount claimed in the complaint. The Second Circuit reversed, and explained that the district court's entry of judgment for the defendant did not moot the case:

> In the absence of an obligation to pay McCauley the $240 in claimed damages, the controversy between McCauley and Trans Union is still alive . . . Because judgment was then entered in Trans Union's favor, Trans Union was relieved of the obligation to pay the $240 it admittedly owed, and McCauley, by his refusal of a conditional settlement offer, wound up with nothing. We therefore cannot conclude that the rejected settlement offer, by itself, moots the case so as to warrant entry of judgment in favor of Trans Union.

*Id.* at 342. In other words, the court held that the case was not moot, because the Rule 12(b)(1) motion sought a judgment in favor of the defendant. Similarly instructive is *Abrams v. Interco, Inc.* (cited by the defendants here), which also addressed an appeal of a dismissal for lack of subject matter jurisdiction after a Rule 68 offer was issued and rejected. 719 F.2d 23, 26 (2d Cir. 1983). In *Abrams*, the district court granted the motion to dismiss, but did not enter judgment for the defendants. Instead, the court "ordered the parties to settle a

judgment, and provided that if they could not agree on the attorney's fees, the court would fix them." *Id*. Likewise, in *ABN AMRO Verzekeringen BV v. Geologistics Ams., Inc.*, the Second Circuit considered "whether in an action for money damages the court may, over plaintiff's objection, enter final judgment in the plaintiff's favor for all the money that plaintiff may lawfully recover, when the defendants, without conceding liability, tender that amount." 485 F.3d 85, 88 (2d Cir. 2007). The Court answered that question in the affirmative. *Id.* at 93-94.

Most recently, in *Doyle v. Midland Credit Mgmt.*, the Second Circuit affirmed an order dismissing the plaintiff's claims as moot, based upon the defendant's oral offer of judgment. 722 F.3d 78, 81 (2d Cir. 2013). The sole issue on appeal in *Doyle* was whether an offer could render a plaintiff's claims moot if it was made orally, and therefore did not comply with the requirements of Rule 68. *Id*. The court held that an offer of judgment need not comply with the technical requirements of Rule 68 to render a case moot. *Id.* A review of the underlying record, however, reveals that *Doyle* is distinct from the present matter. In *Doyle*, the plaintiff argued before the district court that the defendant's original offer did not moot his claims, because the specific offer did not account for the $10 plaintiff claimed in actual damages. *Doyle v. Midland Credit Mgmt.*, No. 11-CV-5571 (JG) (MDG), 2012 U.S. Dist. LEXIS 152241, at *8-9 (E.D.N.Y. Oct. 23, 2012). At oral argument before the district court, the defendant orally offered to pay the full amount claimed, and plaintiff conceded that this new offer provided all of the relief the plaintiff was seeking in the case. *Id.* Based upon these representations, the district court concluded that the case was moot, but that conclusion was dependent upon the defendant's ongoing promise to pay the amount of the offer:

At the oral argument I suggested that it might be appropriate to enter judgment on consent. Upon further reflection, since the defendants' offer to pay all that the plaintiff seeks moots his FDCPA claim, entry of judgment on that claim seems inappropriate. What remains is the defendant's promise to pay Doyle $1,011, plus costs, disbursements and reasonable attorney's fees. As is customary with accepted offers of settlement, I hereby direct the Clerk to close the case without prejudice to reopening in the event there are any disputes with regard to defendant's compliance with its promise. I specifically reserve jurisdiction over any such disputes.

*Id.* at *9-10. Thus, the Court retained jurisdiction to enforce the defendant's promise, thereby ensuring that the plaintiff's claims were redressed. Although it is unclear, it appears that, in effect, the district court compelled acceptance of the offer.

The Second Circuit has noted that some tension exists between *Doyle* and *McCauley*, because *Doyle* was dismissed without a judgment in the plaintiff's favor. *See Cabala v. Crowley*, 736 F.3d 226, 230 n.4 (2d Cir. 2013) ("Since *Doyle* is not inconsistent with our holding here, we need not address whether it is inconsistent with *McCauley*, which was not cited by the *Doyle* court."). In any event, what all of these cases have in common is that the district court either entered judgment in the plaintiff's favor or otherwise enforced the terms of the offer. To the extent that other district courts have interpreted these decisions to mean that an expired Rule 68 requires a district court to dismiss the plaintiff's claims and enter

judgment in the *defendant's* favor, this Court disagrees. To hold otherwise would create an untenable rule, as the present case illustrates: the Court cannot conclude here that there is no claim or controversy, where the plaintiff has received neither a favorable judgment nor an actual settlement.

Of course, a defendant is not without recourse if a plaintiff refuses to accept an offer that would otherwise render the plaintiff's claims moot. A defendant may, for example: (1) default on the lawsuit and submit to a judgment, (2) move the Court to enter judgment against the defendant, or (3) move to compel the plaintiff to accept the offer. *See McCauley*, 402 F.3d at 342 (remanding case for entry of a default judgment, on consent); *Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 258 F. Supp. 2d 157, 161 (E.D.N.Y. 2003) (granting motion to dismiss and motion to compel acceptance of a Rule 68 offer, and entering judgment against the defendants); *Shepherd v. Law Offices of Cohen & Slamowitz, LLP*, 668 F. Supp. 2d 579, 582 (S.D.N.Y. 2009) (following *Abrams* and considering motion to compel acceptance of Rule 68 offer in conjunction with a motion under Rule 12(b)(1)). Here, however, defendant has not submitted to a judgment in any form, and the Rule 68 offer has expired. *McCauley* clearly held that, under such circumstances, a district court cannot enter judgment for defendants and leave the plaintiff with nothing. As such, the Court concludes that plaintiff's claims are not moot. Accordingly, the motion to dismiss is denied.[1]

## B. Claims Against iQor, Inc.

Defendant also moves to dismiss plaintiff's claims against iQor, Inc., arguing

---

[1] Defendants also argue that the putative class action is moot, because plaintiff's claims are moot. Because the Court rejects defendants' contention that plaintiff's individual claims are moot, the Court need not consider the effect of mootness on the putative class action at this time.

that plaintiff cannot assert claims against iQor solely based upon the parent-subsidiary relationship between the iQor and Allied. (Def. Reply Mem. at 7.) Although defendants are correct that corporate parents cannot be held liable as "debt collectors" under the FDCPA based upon parenthood alone, a corporate parent is nevertheless liable for its subsidiary's FDCPA violations when "the subsidiary is so dominated by the parent company that it is merely an instrumentality of the parent." *Coleman v. N. Shore Health Sys.*, No. 97-CV-1871, 1998 U.S. Dist. LEXIS 23428, at *10 (E.D.N.Y. July 2, 1998) (internal quotations omitted). Thus, parent liability may be found where "(1) the subsidiary is dominated by the parent to the extent that they constitute a single economic enterprise, (2) the parent controlled almost all aspects of the subsidiary's debt collection; or (3) the subsidiary is an alias for the parent." *Id.* (internal quotations omitted). Applying these standards here, the Court concludes that the complaint plausibly alleges a basis for suit against iQor. The complaint alleges that Allied sends debt collection letters on letterhead that uses iQor's mailing address, and that this practice violated plaintiff's rights under the FDCPA. This allegation permits the inference that either iQor controls Allied's debt collections, or that Allied is in fact an alias of iQor. Plaintiff's memorandum in opposition asserts the latter theory, and the Court concludes that this theory of liability is plausibly alleged. If defendants contest plaintiff's allegations regarding the relationship between the defendants, that is a matter to be argued in a motion for summary judgment, after the completion of factual discovery. The motion to dismiss the claims against iQor is, therefore, denied.

CONCLUSION

For the foregoing reasons, defendants' motion to dismiss the complaint is denied.

SO ORDERED.

_____

JOSEPH F. BIANCO
United States District Judge

Dated: March 10, 2015
    Central Islip, NY
            * * *

Plaintiff is represented by Debora Gerads, Thomasson Law LLP, 101 Hudson Street, 21st Floor, Jersey City, NJ 07302, and Abraham Kleinman, Kleinman, LLC, 626 RXR Plaza, Uniondale, NY 11556. Defendants are represented by Casey Laffey and Nana Japaridze, Reed Smith LLP, 599 Lexington Avenue, New York, NY 10022.